# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMANTHA PAYNE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREAT PLAINS COCA-COLA BOTTLING ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. 17-CV-0578-CVE-FHM |

## OPINION AND ORDER

Now before the Court is defendant Great Plains Coca-Cola Bottling Company's motion to dismiss plaintiff's amended complaint (Dkt. # 22).

## I. Background

In her amended complaint, plaintiff Samantha Payne, a female, alleges the following: on August 14, 2012, defendant, a beverage bottling company, hired her. Dkt. # 21, at 2. On January 31, 2015, plaintiff began working as an inventory control supervisor at defendant's plant in Okmulgee, Oklahoma (the plant); she held this position until defendant terminated her on January 19, 2017. Id. at 2, 7. In her capacity as the inventory control supervisor, she reported directly to Brian Caldwell, the inventory control manager. Id. at 2. Caldwell, in turn, reported directly to the plant manager. Id.

Up and until August 2016, Rick Randleman was the plant manager; he had the power to hire and fire plaintiff and otherwise affect the terms and conditions of her employment. Id. While Randleman was the plant manager, plaintiff alleges, he repeatedly stalked and attempted to have a romantic relationship with her. Id. at 3. She claims that he: insisted she join him for lunch "almost daily;" sent her more than 5,000 text messages (some of which were sent outside of work hours); drove past her home for "no reason," and "often" touched her and attempted to kiss her. Id.

According to plaintiff, she repeatedly rebuffed his advances, while attempting to remain friendly enough with him to protect her job. Id. Randleman's behavior made plaintiff very nervous and upset and created problems between her and her husband. Id. She did not, however, report his harassment to defendant because she feared doing so would result in her termination. Id.

In July, 2016, Randleman's wife approached the plant's HR representative and demanded that defendant terminate plaintiff because she suspected an ongoing relationship between plaintiff and Randleman. Id. Mrs. Randleman "caused such a scene" that the area human resources manager, Nancy Cummings, had to step in to calm the situation. Id. As a result of the incident, in mid-August 2016, defendant transferred Randleman to its plaint in Oklahoma City. Id. According to plaintiff, after Randleman's transfer, he continued to harass and pursue her with repeated phone calls and text messages. Id. at 4. On one occasion, Randleman and plaintiff, along with other employees of defendant, attended a funeral. Id. The day after, plaintiff claims, Randleman called her to tell her how "hot" she looked and that he still missed her. Id.

In addition, plaintiff alleges that, on November 16, 2016, she and some of her coworkers attended a coworker's funeral. Id. at 5. At the funeral's conclusion, according to plaintiff, Ray Moore, production manager at the plant, commented to some hourly employees about their attire, and his comment embarrassed and upset them. Id. This comment was reported to Caldwell and Heather Johnson (the plant manager who replaced Randleman), and Moore was asked to apologize to the hourly employees, but was not disciplined in any other fashion. Id.

On November 18, 2016, several transport drivers for defendant reported to plaintiff that Kevin Ward, transport manager for the plant, was making fun of Caldwell in front of hourly employees in the break room. Id. On November 21, 2016, plaintiff reported this to Johnson, but defendant did not counsel or discipline Ward about the incident. Id.

On January 4, 2017, Caldwell sent plaintiff a text asking her to meet in Johnson's office. Id. at 7. During the meeting, Caldwell and Johnson informed plaintiff they had learned that, on December 31, 2017, she stated, in front of hourly employees, that Morrow and Ward—whom defendant had recently transferred—had "gotten what they deserve." Id. Johnson then advised plaintiff that she would be getting a corrective action in her file for discussing employee performance in front of hourly employees. Id.

On January 19, 2017, Johnson and Caldwell again met with plaintiff. Id.[1] They told her that they were informed that she was discussing her corrective action with hourly employees. Id. Plaintiff denied this but admitted telling her husband (who is a driver for defendant) about her corrective action. Id. Johnson and Caldwell replied that the situation "had nothing to do" with her husband and that they did not believe her denial. They then terminated plaintiff; she did not receive any termination paperwork. Id.

On June 2, 2017, plaintiff submitted an intake questionnaire to the EEOC stating, inter alia, that the bases for her claim of employment discrimination were sex and retaliation. Id. at 13. On September 26, 2017, plaintiff filed her complaint in Tulsa County District Court, State of Oklahoma. Dkt. # 2-1. On October 17, 2017, defendant removed this case to this Court, which, on December 21, 2017, dismissed plaintiff's complaint without prejudice for failure to state a claim. Dkt. # 2; Dkt. # 18. On January 12, 2018, plaintiff filed her amended complaint (Dkt. # 21). It alleges claims for: sexual discrimination and hostile work environment based on Randleman's conduct (counts one and two), retaliation based on Caldwell's conduct (count three), and sexual discrimination in the

---

[1] Although plaintiff's amended complaint states that "Johnson and Cummings" again met with plaintiff, the Court presumes that plaintiff intended to state that Johnson and Caldwell again met with plaintiff because the prior meeting plaintiff is referring to was between Johnson and Caldwell. Id.

3

termination of her employment (count four). Defendant filed a motion to dismiss plaintiff's amended complaint (Dkt. # 22). In response to defendant's motion, plaintiff has voluntarily dismissed her claim for retaliation (count three). Dkt. # 24, at 1. Accordingly, plaintiff's claim for retaliation (count three) is **dismissed**, and defendant's motion to dismiss (Dkt. # 22) is **granted** as to this count.

## II. Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). A court need not accept as true, however, those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

**III. Defendant's Motion to Dismiss**

Defendant argues that plaintiff's claims for sexual discrimination and hostile work environment based on Randleman's conduct (counts one and two) must be dismissed for failure to state a claim because "Randleman's post-August 2016 conduct do not [sic] meet the requisite level to state a viable claim for sex discrimination or sexual harassment," and these allegations "should not be allowed to reach back and save any allegations of purported hostile work environment occurring before August 6, 2016." Id. at 10-11.[2] Plaintiff responds that her post-August 2016 allegations against Randleman are consistent with, and therefore relate back to, her pre-August 2016 allegations against him, and that, when viewed holistically, this set of allegations states claims for sexual discrimination and hostile work environment. Dkt. # 24, at 3-4.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). A prima facie case of discrimination requires a plaintiff to show: (1) that she belongs to a protected class; (2) that she suffered an adverse employment action; and (3) that the challenged action took place under circumstances giving rise to discrimination. EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007).

To make out a claim for sex discrimination based on a hostile work environment, a plaintiff must allege: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on her membership in a protected group; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of

---

[2] As the Court discussed in detail in its opinion and order addressing defendant's first motion to dismiss (Dkt. # 18, at 8-9), plaintiff's allegations said to have occurred prior to August 6, 2016—i.e. 300 days prior to plaintiff's filing of her EEOC intake questionnaire on June 2, 2017—are time-barred, unless plaintiff alleges that an incident occurred after August 6, 2016 that contributes to her pre-August 6, 2016 hostile work environment allegations.

plaintiff's employment and created an abusive working environment. Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007). In the context of hostile work environment claims, "it does not matter . . . that some of the component acts of the hostile work environment fall outside" of Title VII's statutory time period for the exhaustion of administrative remedies; so long as "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002).

Plaintiff's claim for sex discrimination based on Randleman's conduct (count one) must be **dismissed** because plaintiff's amended complaint does not allege that she suffered an adverse employment action related to Randleman's conduct. Defendant's motion to dismiss (Dkt. # 22), therefore, is **granted** as to count one of plaintiff's amended complaint.

Regarding plaintiff's claim for hostile work environment (count two), her post-August 6, 2016 allegations against Randleman—i.e. that, after his transfer, he continued to call and text her, including to tell her how "hot" she looked at a funeral they both attended—contribute to her pre-August 6, 2016 hostile work environment allegations. Accordingly, in assessing whether plaintiff's amended complaint states a claim for hostile work environment, the Court considers plaintiff's pre and post-August 6, 2016 allegations.

Taking her allegations against Randleman as true, plaintiff's amended complaint states a claim for hostile work environment. She alleges that Randleman, who—when the vast majority of the alleged incidents took place—was the plant manager and had the power to hire and fire her, stalked her and attempted to have a romantic relationship with her and that she did not welcome his behavior. Specifically, plaintiff alleges that his conduct included: inviting her to lunch daily; sending her more than 5,000 text messages; driving past her home for no apparent reason; touching her;

6

attempting to kiss her; and, even after his transfer, continuing to text her and call her, including to tell her that she "looked hot." Dkt. # 21, at 3. Viewing plaintiff's allegations in the light most favorable to her, it is certainly plausible that Randleman's alleged sex-based harassment created an objectively and subjectively abusive working environment for plaintiff. Accordingly, defendant's motion to dismiss plaintiff's claim for hostile work environment based on Randleman's conduct (count two) must be **denied**.

As to plaintiff's claim for sex discrimination in termination of her employment (count four), defendant argues that it must be dismissed because plaintiff does not identify who her comparators' supervisors were, allege that her comparators had jobs that entailed similar duties and responsibilities to her job, identify the company policies applicable to her comparators' misconduct, or allege that she "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish [her] conduct or the employer's treatment of [her] for it." Dkt. # 22, at 20-21. Plaintiff responds that her amended complaint identifies her comparators, Moore and Ward, as managers, and "therefore it is logical and reasonable to presume they reported to the plant manager, which they did." Dkt. # 24, at 5-6. In addition, plaintiff argues that all of defendant's arguments fail because defendant is "asking [her] to plead her case with the same specificity required for a Motion for Summary Judgment." Id.

Plaintiff, a female, is a member of a protected class, and her termination was an adverse employment action. Additionally, she has pled facts sufficient to make plausible that she was terminated under discriminatory circumstances; she alleges that two males, Moore and Ward—both managers at the plant and thus, broadly speaking, similarly situated to her—made comments in front of hourly employees that defendant deemed inappropriate, as plaintiff did. But, unlike her, plaintiff alleges, Moore and Ward were not terminated. The Court declines plaintiff's invitation to "presume"

7

that Moore and Ward shared the same supervisor as plaintiff (i.e. the plant manger). But the Court need not presume this fact to determine that plaintiff's amended complaint states a claim for sex discrimination in her termination because plaintiff is "not required to set forth a prima facie case for each element;" she need only allege facts sufficient to make her claim "plausible," which she has. Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012). Accordingly, defendant's motion to dismiss plaintiff's claim for sex discrimination in her termination (count four) is **denied**.

**IT IS THEREFORE ORDERED,** that defendant's motion to dismiss plaintiff's amended complaint (Dkt. # 22) is **granted in part and denied in part**. Defendant's motion is **granted** as to plaintiff's claims for sex discrimination based on Randleman's conduct (count one) and retaliation (count three), and these counts are **dismissed**. Defendant's motion is **denied** as to plaintiff's claims for hostile work environment based on Randleman's conduct (count two) and sex discrimination in plaintiff's termination (count four).

**IT IS FURTHER ORDERED** that defendant shall answer counts two and four of the amended complaint (Dkt. # 21) forthwith.

**DATED** this 13th day of March, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE